**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                      CRIMINAL ACTION NO. 2:25-cr-00162

VICTOR LYNN JARRETT,

          Defendant.

**ORDER**

On October 27, 2025, Defendant Victor Jarrett ("Defendant") appeared before this Court and entered a plea of guilty to a single-count Information which charges him with dealing firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D).   (ECF No. 11.)

The Court has determined, at this stage, that Defendant's "willful" violation of § 922(a)(1)(A) remains uncertain.   Under 18 U.S.C. § 924(a)(1)(d) "Whoever . . . willfully violates [§ 922(a)(1)(A)] shall [be guilty of a crime against the United States]."   "Willfully" under § 924(a)(1)(D) only requires that the Defendant knew his conduct was unlawful, not that he knew of the federal licensing requirement.  *Bryan v. United States*, 524 U.S. 184, 191–92 (1998); *see also Bondi v. Vanderstok*, 604 U.S. 458, 486 (2025) (Kavanaugh, J., concurring) ("[t]o prove 'willfulness,' the Government must demonstrate that an individual knew that his conduct was unlawful, not merely that he knew the facts that made his conduct unlawful." )   Willfulness under § 924 "could be satisfied by showing 'a disregard of or an indifference to known legal obligations.

. . .Thus . . . we must determine whether the acts were committed in deliberate disregard of, or with plain indifference toward, either known legal obligations or the general unlawfulness of the actions.'" *Am. Arms Int'l v. Herbert*, 563 F.3d 78, 83 (4th Cir. 2009) (quoting *RSM v. Herbert*, 466 F.3d 316, 321–22 (4th Cir. 2006)).   The plea hearing and Presentence Investigation Report ("PSR") do not clearly indicate that Defendant willfully violated § 922(a)(1)(A) pursuant to § 924(a)(1)(D).

During his plea hearing, Defendant asserted that he "can't read or anything like that."   Plea Hearing Tr. 10/27/2025 at 3.   Further, Defendant's alleged illiteracy is mentioned multiple times throughout the PSR.   (PSR at ¶ 25 (Defendant "reportedly signed the paperwork when buying a firearm *without fully understanding what he was signing because he is illiterate*") (emphasis added); *see also id.* ¶ 33 ("Jarrett reported he did not understand the firearm paperwork even though he signed and acknowledged that he did").)

For these reasons and others appearing to the Court, the sentencing hearing currently set for Monday, February 2, 2026, is **CONTINUED GENERALLLY**.   The Court also **DIRECTS** the parties to file briefings on whether Defendant "willfully" violated § 922(a)(1)(A) pursuant to § 924(a)(1)(D) no later than **5:00 P.M. EST** on **February 28, 2026**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        January 30, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE